## George D. Evans v. Mark Norris.

By the terms of a lease of a hotel, the rent was made payable in monthly installments, and the lessor agreed to take one-half the same "in board, as the same falls due";—*Held*, That it was not optional with the lessee to pay in money or board, but that he was under the same obligation to pay the board, if demanded, as the lessor to receive it.

The lessee was under no obligation to call upon the lessor, and demand that boarders be sent, but the lessor was bound to call for the board within the term, and substantially as the same came due.

*Heard May 18th. Decided May 21st.*

Error to Washtenaw Circuit.

The action was by Norris, the lessor, against Evans, the lessee, upon a lease of the Western Hotel, in Ypsilanti. The clauses in the lease with respect to the payment of rent, upon which the questions arise in this case, are as follows:

"The said George D. Evans doth hereby hire the said premises for the term of one year, as above mentioned, and doth covenant and promise to pay the said Mark Norris the annual rent of two hundred and fifty dollars, in monthly installments, to wit: The sum of twenty 84-100ths

dollars at the end of each month, the first installment to be paid on the first day of May next.

"And it is hereby agreed, that if the said Evans shall elect to keep said premises for a longer term than one year, he may do so by giving said Norris two months' notice of his intention so to do, before the end of the first year, and upon payment of the like rent and time of payment, as provided for the first year; and it is further agreed, that if the said Evans shall give the like notice that he will do so, then this lease shall be extended from year to year, for five years after the first two years, provided that for each year after the first two, the said Evans shall pay the sum of three hundred dollars for each year, to be paid in monthly installments of twenty-five dollars for each month. And the said Norris agrees to take one-half of the [first] year's rent in board, as the same falls due."

On a trial in the court below, before a jury, the circuit judge charged the jury that Norris was not bound, by the terms of the lease, to call for that portion of rent payable in board as the same became due, and within the year; but was at liberty to call for the same in board at any time; and if Evans refused to pay the same in board when demanded, that then Evans was liable to pay the plaintiff the amount in money; and that if the defendant wished to avoid the payment of the rent in money or board at any future period, it was the defendant's duty to notify Norris that he was ready to board any persons sent by him, and demand that Norris should send boarders there, within the time prescribed by the lease. To this charge the defendant excepted.

Other exceptions were also taken, but the foregoing is the only one noticed in the opinion.

Judgment having been rendered for plaintiff in the court below, defendant brought the case to this court by writ of error.

*H. T. Backus*, for plaintiff in error.

*L. D. Norris*, for defendant in error.

CHRISTIANCY J.:

The principal question in this case arises upon the construction given to the lease, in the charge of the court below to the jury, which was, "That Norris was not bound by the terms of the lease to call for that portion of rent payable in board, as the same became due, and within the year, but was at liberty to call for the same in board at any time; and if Evans refused to pay the same in board when demanded, that then Evans was liable to pay the plaintiff the amount in money; and that if the defendant wished to avoid the payment of the rent in money or board at any future period, it was the defendant's duty to notify Norris that he was ready to board any person sent by him, and demand that Norris should send boarders there within the time prescribed by the lease."

We think this charge was erroneous, and not warranted by a fair construction of the lease. The provision for taking half the year's rent in board " as the same falls due," applies, we think, exclusively to the first year's rent; and such, on the argument, was admitted to be the express words of the lease, though the word "*first* " is omitted in the record. As it applies only to the first year's rent, it is quite evident, from the whole instrument, it should be read in connection with the covenant for the payment of the rent of that year, and as a part or qualification of that covenant, and clearly implies the assent and obligation of Evans to pay in that way, as much as that of Norris thus to receive it.

It is not optional with Evans to pay in money or board. He would not be at liberty to refuse the board; and though such refusal might render him liable to pay the money, it

would be as *damages* (and not *necessarily* as the entire damages) for the breach of the contract. The cases cited by counsel for the defendant in error, as to the right of election to pay in one of two ways, do not therefor apply.

By any fair construction of this lease, we think Norris *was bound* to call for that portion of the rent payable in board, *within the year*, and substantially as the same became due; that he could not claim the whole board during a single month, nor any part of it after the expiration of the year, which would be entirely outside of the contract. — *Clement v. Clement*, 8 *N. H.* 215. Having a right wholly to refuse to board after the year had expired, he might, if he chose to board at all, make such terms, and impose such conditions, as he pleased.

The fair import of the whole contract is, that the board was to be furnished at the hotel to be kept by the lessee; and it would be a most unnatural perversion of the instrument which should extort an inference that Evans was required to furnish it elsewhere. No other place is mentioned; the furnishing of board is one of the ordinary uses to which hotels in this country are applied.

It would be equally extravagant, we think, to infer a duty on the part of Evans to call upon Norris and demand that he should send the boarders. He had contracted to receive half the rent in board, and was entitled to it in no other way. His own interest ought to be sufficient to prompt him to notice his rights and obligations under his own contracts.

The charge was therefore erroneous, and tended to mislead the jury to the injury of the defendant.

There are other errors assigned upon the charge, but as all those which are presented with sufficient clearness grew out of, and are included in, the one already noticed, it is not necessary to notice them here.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.